UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CREDEUR TRUST** | **CASE NO.  2:21-CV-00126** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. 30] filed by defendant Liberty Personal Insurance Company[1] ("Liberty"), who moved to dismiss the claims asserted by Credeur Trust in this case because (1) Credeur Trust lacks standing to bring the claims asserted herein in its own name as a matter of Louisiana law; and (2) defendant argues Credeur Trust was not properly established under the Louisiana Trust Code and therefore is not a legal entity entitled to seek relief from this Court.

Plaintiffs have filed an Amended Complaint [Doc. 37], naming Darlene Kiteley as trustee of Credeur Trust as plaintiff, curing the first issue, and the remaining issue is if the Credeur Trust was properly formed. Plaintiff Credeur Trust opposes the motion [Doc. 35]. All briefs have been filed, and as such, the issue is now ripe for review.

## BACKGROUND

This suit arises from damages caused by Hurricane Laura, on August 27, 2020, to a property located at 4549 Powell Lane, Lake Charles, Louisiana 70605 (the "Property").

---

[1] The party has been improperly named as Liberty Mutual Insurance Company.

On or about August 15, 2019, Rebecca Ann Credeur and American Property Solutions, LLC ("APS") entered into a Standard Purchase and Sale Agreement, wherein Ms. Credeur agreed to sell the Property to APS. Doc. 35-2 *Declaration of Shane Heinen;* Doc. 35-3 *Declaration of Rebecca Credeur.*

On or about September 6, 2019, Credeur Trust was formed to hold the Property by execution of a Trust Agreement and Declaration of Trust ("Trust Agreement"), wherein APS was designated as grantor and beneficiary and wherein Darlene Kiteley was designated as trustee. Doc. 35-2 *Trust Agreement and Declaration of Trust.* The Trust Agreement states, in pertinent part: "The corpus of the Trust will be the real property that Beneficiaries convey or cause to be conveyed in fee simple absolute to the Trustee by deed." *Id.*

On or about September 11, 2019, Rebecca Credeur executed a Limited Power or Attorney to APS, granting APS the power to convey the Property. Doc. 35-2 *Limited Power of Attorney.* On the same day, at APS's direction, Ms. Credeur executed an Act of Sale and Assumption, conveying the property to Darlene Kiteley in her capacity of trustee of the Credeur Trust. Doc. 35-2 *Act of Sale and Assumption.* Ms. Credeur executed the Act of Sale in Kingwood, Texas and mailed the release to Ms. Kiteley, who countersigned in Lake Charles, Louisiana on September 13, 2019. *Id.*

On August 27, 2020, Hurricane Laura caused damage to the Property. Shane Heinen, owner of APS, reported the Loss to Liberty, who assigned it claim number HD000-043416892-01. Doc. 35-2 *Declaration of Shane Heinen.* Prior to Hurricane Laura, the Property was used as rental property and APS derived rental income therefrom. *Id.* Plaintiff

now argues that Liberty has failed to tender insurance proceeds sufficient to restore the Property to its pre-loss condition, and that Liberty has failed to compensate Plaintiff for its loss of use. Doc. 35 *Memorandum in Opposition to Motion for Summary Judgment.*

On January 17, 2021, Plaintiff filed suit alleging a Breach of Insurance Contract as well as Bad Faith damages in violation of La. R.S. §§ 22:1973 and 22:189.

## **LAW & APPLICATION**

### *a. Summary Judgment Standard*

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,

150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### *b. Application*

Liberty argues that since Plaintiff did not have ownership of the Property at the time that the Trust Agreement was executed, as a matter or law the Credeur Trust is an absolute nullity. Doc. 38 *Defendant's Reply in Support of Motion for Summary Judgment*. Liberty points out that the Property was not conveyed to Credeur Trust's Trustee until five days after the Trust Agreement was signed. Liberty argues that this renders the trust an absolute nullity because a contemporaneous transfer of property is required for valid formation of a trust. To support this assertion, Liberty cites *G.E. Oil & Gas, LLC v. Waguespack*, 523 F. Supp 3d 926, 933, which notes the Louisiana Trust Code defines a trust as "the relationship resulting from the transfer of title to property."

Plaintiffs refute this argument and cite La. R.S. § 9:1822 which states "[a]n inter vivos trust is created upon the execution of the trust instrument." Plaintiffs argue that there is no additional requirement that some property rights be transferred to the trust at that time. Plaintiffs assert that *Waguespack* does not consider the statutory requirements for trust creation, and the generalized definition of a trust used by those courts was not meant to

establish the legal definition of a trust, much less contravene La. R.S. § 9:1822. Doc. 35 *Memorandum in Opposition to Motion for Summary Judgment.*

Plaintiffs assert that Liberty's argument that Credeur Trust is invalid as to form is without merit and that the Credeur Trust was properly formed. In Louisiana, trusts are created the moment the trust instrument is signed, either under authentic act or private signature. La. R.S. § 9:1822; La. R.S. § 9:1752. Moreover, the Louisiana Trust Code explicitly mandates a liberal construction in interpreting trust instruments per La. R.S. § 9:1724. "Whenever possible, a trust instrument will be construed so as to uphold the validity of the trust and render the instrument effective." *Grant v. Grant*, 810 So. 2d 1226, 1228-29 (La. App. 2 Cir. 2/27/02); *see also Lelong v. Succession of Lelong*, 164 So. 2d 671, 674 (La. App. 3 Cir. 1964). As such, this Court finds that the Credeur trust was properly formed according to Louisiana Law by execution of the Trust Agreement.

Accordingly, this Court finds that there is no requirement that the transfer of property be contemporaneous with the trust formation. As such, Liberty's Motion for Summary Judgment will be denied.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [Doc. 30] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 8th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**