# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

CREDEUR TRUST                                   CASE NO.  2:21-CV-00126

VERSUS                                          JUDGE JAMES D. CAIN, JR.

LIBERTY MUTUAL INSURANCE CO         MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER

Before the Court is "Liberty Personal Insurance Company's Motion in Limine to Exclude Plaintiff's Expert Witness Mario Barrilleaux" [Doc. 17] filed by defendant Liberty Personal Insurance Company[1] ("Liberty"), who moves to exclude testimony and estimate provided by Mario Barrilleaux, Plaintiff's expert public adjuster. Plaintiff Credeur Trust[2] opposes this motion [Doc. 27]. All briefs have been filed, as such, the issue is now ready for ruling.

## BACKGROUND

This suit arises from damages caused by Hurricane Laura, on August 27, 2020, to a property located at 4549 Powell Lane, Lake Charles, Louisiana 70605 (the "Property").

Liberty issued homeowners policy No. H3F29182041440, effective October 3, 2019 to October 3, 2020, to Credeur Trust Trustee and Rebecca Credeur. The policy has coverage limits of $228,600 for dwelling, $22, 860 for other structures, $0 for personal property, and $45,720 for additional living expenses.

---

[1] The party has been improperly named as Liberty Mutual Insurance Company.
[2] Plaintiffs have filed an Amended Complaint [Doc. 37], naming Darlene Kiteley as trustee of Credeur Trust as plaintiff.

Hurricane Laura impacted Lake Charles, Louisiana on August 27, 2020. That same day, Shane Heinen, presenting himself as representative of Credeur Trust, reported that the hurricane damaged the insured property. A field adjuster assigned by Liberty inspected the property on September 12, 2020, and found damage to the property's roof, exterior light fixture, soffit, fascia, gutter downspout, brick veneer, vinyl shed roof, attached carport, patio awning, and fence.

Heinen, acting on behalf of the Credeur Trust, retained Complete Adjusting Services, LLC ("CAS") to inspect the property. Mario Barrilleaux, CAS's owner, inspected the property on September 25, 2020. Doc. 17-4 *Mario Barrilleaux's Narrative Report.* Based on that inspection, Barrilleaux wrote an estimate which asserted that the property has suffered a physical loss of $237,855.28 under Coverage A for the dwelling; $15,932.66 under Coverage B for other structures; $15,543.04 under Coverage C for contents; $1,198.68 for debris removal; and $23,260.33 under Loss of Use. Doc. 17-7 *CAS Estimate.*

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

Federal Rule of Evidence 702 provides the standard for admissibility of expert testimony at trial:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>> (a) The expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) The testimony is based on sufficient facts or data;
>> (c) The testimony is the product of reliable principles and methods; and
>> (d) The expert has reliably applied the principles and methods to the facts of the case.

Rule 702 codifies the U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993). The threshold inquiry in determining

whether an individual may offer expert testimony under Rule 702 is whether the expert possessed the requisite qualifications to render an opinion on particular subject matter. *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011). The district court is afforded broad discretion in determining whether testimony should be held admissible. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998).

## B. Application

Liberty argues that Barrilleaux lacks the requisite qualifications to testify as to the cause of damage to the insured property. Liberty asserts that Barrilleaux's license as a public adjuster and background as a general contractor may qualify him to testify as to his estimated for repair at trial, he has no specialized knowledge regarding forensic engineering and structural and architectural engineering that would qualify him to testify as an expert as to the cause of structural damage or water intrusion to the insured property. Liberty further argues that Barrilleaux's methodologies are unreliable, and his opinions are not based on sufficient facts or data.

Plaintiff asserts that Barrilleaux is qualified as he is a licensed public adjuster and contractor with many other licenses and certifications that are relevant to his qualifications including: (1) Public adjuster since 2019; (2) LA registered appraiser since 2019; (3) P.L.A.N. umpire since 2021; (4) P.L.A.N. appraiser since 2020; (5) general residential contractor since 2000; (6) general commercial contractor since 2009; (7) developer/builder since 2008; (8) IICRC WTR since 2020; (9) fire loss trained since 2012; (10) Xactimate LV I and II since 2018 and 2020; and (11) certified LV I thermographer since 2021. Doc. 27-3 *Mario Barrilleaux Curriculum Vitae.*

Plaintiff argues that Barrilleaux retains his residential and commercial contractor's license through his companies B2B Builders and CAS. Additionally, Barrilleaux has been qualified as an expert in the fields of contracting and claims adjusting in the matter of *Ruh v. Centauri Nat. Ins. Co.,* No. C-702328, 2021 WL 7287378 (La.Dist.Ct. May 13, 2021).

Accordingly, the Court finds that Barrilleaux has ample experience and qualifications in the area of public adjusting. Barrilleaux meets the *Daubert* standards and has been accepted previously as an expert witness. Liberty's concerns regarding the basis of Barrilleaux's opinions can be addressed through cross-examination and the presentation of countervailing testimony. As such, Liberty's motion to exclude Barrilleaux is DENIED.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion in Limine [Doc. 17] regarding the testimony and estimate provided by Mario Barrilleaux is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 12th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**